## FEDERAL UNION INS. CO. v. GRIFFIN.*
### No. 4560.

Court of Appeal of Louisiana.  Second
Circuit.

Dec. 1, 1933.

Redmond & Thompson, of Monroe, for appellant.

Hudson, Potts & Bernstein, of Monroe, for appellee.

TALIAFERRO, Judge.

The Monroe Building & Loan Association held a mortgage against a building of defendant in West Monroe, La., which was insured by plaintiff against direct loss from fire for $1,500; loss, if any, made payable to said association. Thereafter, without the knowledge or consent of plaintiff, defendant effected additional fire insurance on the property for $500 with the Royal Exchange Assurance Company, with loss, if any thereunder, payable to the association. On September 2, 1931, when the balance due on defendant's mortgage was in excess of $1,300, the insured property was damaged by fire to the amount of $1,985.79. The policy issued by plaintiff contains the usual stipulation to be found in such of standard form, that if the insured should thereafter make or procure any other contract of insurance on the property covered therein, without the consent of the company, that the entire policy shall be null and void. This policy was, therefore, null and void at time of the fire so far as the insured was concerned; but in the mortgage clause thereto attached it is provided that it should remain in force and effect as regards the rights of the mortgagee, the building and loan association. It being further stipulated that:

"In case of any other insurance upon the within described property, this Company shall not be liable under this policy for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance on said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise.

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due, or to grow due, on the mortgage, with interest, and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of their claim."

Plaintiff invoked the provisions of the policy against the insured, Griffin; taking the position that nothing was due him thereunder. The correctness of that position is now conceded by defendant. There were considerable conferences and discussions of the matter among the interested parties and their representatives, and finally an agreement was reached whereby each insurer would pay to the building and loan association two-thirds of the face amount of their respective policies in full adjustment of their liabilities thereunder. Defendant and the building and loan association gave the Royal Exchange Assurance Company receipt for $333.35. Plaintiff paid the association $1,000 and received from it a transfer of the mortgage note of defendant, with full subrogation of all its rights appertaining thereto. Plaintiff then filed the present suit to foreclose the mortgage securing payment of said note by ordinary process, alleging a balance due thereon of $1,334.22 with 8 per cent. interest from July 1, 1930.

The petition at length rehearsed the facts pertaining to the insurance policies, the fire loss, the settlement agreed to and consum-

mated by the parties concerned, and the acquisition by it of the note and mortgage sued on. These facts and the history connected therewith are admitted by defendant, save in the respects hereinafter mentioned. It is contended by defendant that the building and loan association has been paid in full by defendant of all amounts he was due it; that plaintiff is estopped to avow the nullity of its policy issued to him because it availed itself of the proration provision therein, thereby disregarding the provision relative to the policy becoming null and void if additional insurance should be effected on the property without its consent; that should the estoppel pleaded not be sustained, in that event there is no liability by defendant to plaintiff beyond the amount actually paid by it to the building and loan association for the note sued on.

The lower court gave judgment for plaintiff for the amount paid by it to the building and loan association, with interest and attorney's fees, with recognition of the mortgage securing said note. Defendant appealed devolutively.

Plaintiff is satisfied with the judgment awarded it by the trial court.

█ Defendant, in brief, while admitting his own act vitiated the first policy, so far as it related to his personal rights and interest, yet contends, if we understand him, that the settlement made between his mortgagee and the plaintiff should enure to his credit, and if so, with the amount paid by the other insurance company, his obligation would have been extinguished by payment. This position is not tenable. The contract of insurance is the law between the insurer, the insured and the mortgagee. By its own terms defendant's own act nullified the interest which it originally secured for him. The stipulation for the benefit of the mortgagee was a matter exclusively designed to be effective as between the mortgagee and the insurer. If this were not true, then the stipulation against second insurance without the assent of the first insurer means nothing; purely surplusage.

█ Defendant complains that the building and loan association accepted payment from plaintiff of an amount less than its full liability under the policy. Again, we say this was a matter with which he is not concerned. He evidently agreed to the payment made by the Royal Exchange Assurance Company, because the receipt he signed to it states that the amount paid by it was "in full settlement and compromise of all claims and demands for loss and damage" by the fire.

█ Defendant also complains of the ruling of the trial judge in excluding testimonial proof sought to be introduced by him that would disclose how the settlement with the insurance companies was reached, and that

he was not allowed any voice in it. He does not allege error, fraud, or other facts that would justify the admission of the excluded evidence. He compromised with the second insurer, and, as stated above, had no legal right or interest to protect in the settlement with the first. The lower court has allowed him credit for the amount that was paid him and the building and loan association under the second policy by giving plaintiff judgment only for the amount it paid for the note and mortgage assigned to plaintiff.

Defendant has cited no authority to support his contention. We have found none ourselves. The matter resolves itself simply into one of interpretation and enforcement of a contract whose provisions are free from ambiguity and doubt.

The judgment appealed from is affirmed.